{¶ 20} I disagree with the majority's application of Comer,
supra to this case. In Comer, a defendant's sentence was reversed where the trial court had failed to orally state its findings or reasons for consecutive sentences. The Comer court stated that "pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at ¶ 20. As the trial court in Comer had not stated any oral findings or reasons for the consecutive sentences on the record, the sentence had to be reversed.
 {¶ 21} Although the Comer Court stated that "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences," the Court did not mandate that sentencing courts use a proscribed analysis to meet the statutory requirement. Id. at ¶ 21. Nor do the statutes require that the reasons for the consecutive sentences be stated in the "immediate purview" of each finding. Thus, I do not agree with the majority's literal interpretation of Comer
and the determination that the only satisfactory method of imposing consecutive sentences is one in which the court must set out each statutorily required finding and then give in relation to each finding the reasons that support it.
 {¶ 22} In this case, I would disagree with the majority and find that the court stated a sufficient connection between the operative facts and the findings that warrant consecutive sentences. At the sentencing hearing, the trial court made the required R.C. 2929.14(E)(4) findings and then continued on to state that the Defendant had not cooperated with the conditions of postrelease control and therefore revocation was likely to occur. The court also noted that the Defendant had an extensive juvenile record dating back to 1991 and that this record had included violations of criminal damaging, felonious assault, and robbery. The court also stated that the injury to the victim of the crime was exacerbated by the victim's age and that despite prior attempts at rehabilitating the Defendant both as a delinquent child and when he was on postrelease control as an adult, the Defendant continued to commit crimes without remorse.
 {¶ 23} As stated above, I do not agree that Comer requires a sentencing court to apply a specific analysis listing each statutory finding with a specific supporting reason. Rather, the Revised Code and Comer require an analysis in which the required statutory findings and the reasons for those findings are given. I believe such a meaningful analysis was conducted in this case. The trial court made the findings required in the statute and then proceeded on to state its reasons supporting the findings. I find that the trial court not only stated the required statutory findings and reasons on the record but also sufficiently linked the factual reasons to the findings required by the statute, justifying the Defendant's consecutive sentence. Therefore, I would overrule the sole assignment of error and affirm.